**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 05a0851n.06**
**Filed: October 18, 2005**

**Case No. 02-5610**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | |
| | ) | **ON APPEAL FROM THE** |
| **v.** | ) | **UNITED STATES DISTRICT** |
| | ) | **COURT FOR THE EASTERN** |
| **CHRISTOPHER COFFELT,** | ) | **DISTRICT OF TENNESSEE** |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | **ORDER** |
| _____ | ) | |
| | ) | |
| | ) | |

**BEFORE: KEITH and BATCHELDER, Circuit Judges; OBERDORFER[*], District Judge.**

**ALICE M. BATCHELDER, Circuit Judge.** Defendant-Appellant Christopher Coffelt appeals his conviction and sentence for one count of Conspiracy to Manufacture More Than 50 Grams of Methamphetamine[1] in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Coffelt argues on appeal that his conviction and sentence, which resulted from a plea agreement, must be vacated because the record contains absolutely no factual basis to support the crime to which he pleaded

---

[*]The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

[1]Coffelt takes issue with the district court judgment's characterization of the crime to which he pleaded guilty as "Conspiracy to Manufacture More Than 50 Grams of Methamphetamine." Coffelt points out that this language indicates a violation of 21 U.S.C. § 841(b)(1)(A), when the crime to which he actually pleaded was conspiracy to manufacture "50 grams or more of a mixture or substance containing a detectable amount of methamphetamine," a less serious crime under 21 U.S.C. § 841(b)(1)(B). Although it appears that the district court sentenced Coffelt pursuant to the less serious (b)(1)(B) violation, because we are vacating Coffelt's conviction and sentence in any event, we do not address any discrepancy in the language of the district court's judgment.

guilty–a violation of Fed. R. Crim. P. 11(f) (2001), which provides that "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea."[2] The government concedes that there was no factual basis in the record to support the plea under Rule 11(f), that Coffelt's substantial rights were violated by this error, and that his conviction and sentence should thus be vacated and the case remanded for further proceedings. *See United States v. Tunning*, 69 F.3d 107, 115 (6th Cir. 1995) ("Where, as in this case, we conclude that the record is not one upon which the district court could have satisfied itself, then the appropriate remedy is to remand the case with instructions to further develop the record. If the government is unable to establish a factual basis for all the elements necessary to prove [the charged crime] through its proffer of evidence, then the factual basis must be established in some other way, or the district court may not accept [defendant's] guilty plea.").

Accordingly, Coffelt's conviction and sentence are vacated, and his case is remanded to the district court for further proceedings. Because Coffelt's conviction and sentence are no longer in force, his remaining challenges to his sentence are rendered moot. *See id.*

---

[2]Rule 11(f) was the relevant rule in place at the time of Coffelt's plea in 2001. The necessity of a factual basis to support the plea is now codified at Rule 11(b)(3), as amended in 2002.